James BREWER, Plaintiff-Appellee,
Cross-Appellant,

v.

HUSTLER MAGAZINE, INC.,
Defendant-Appellant,
Cross-Appellee.

C.A. Nos. 83–6240, 83–6291.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 6, 1984.

Decided Sept. 28, 1984.

Louise Nemschoff, Paul D. Supnik, Beverly Hills, Cal., for plaintiff-appellee, cross-appellant.

Michael A. Painter, David Carson, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendant-appellant, cross-appellee.

Before TUTTLE,[*] and HUG and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

James Brewer brought this action against Hustler Magazine, Inc. ("Hustler"), alleging copyright infringement and violations of his state law rights of privacy and publicity. Brewer received a jury verdict of $14,500.00 on his copyright claim, but the district court dismissed his state law claims. Both sides appeal. We affirm.

## FACTS

In 1974, Brewer created a photograph, which, with the use of special effects, simulates Brewer shooting himself through the

head. He later incorporated the photograph into a postcard entitled "You Drive Me Crazy." From 1975 through 1977, Brewer had the photograph imprinted on business cards, which he gave to persons from whom he was seeking work. On April 30, 1980, he entered into an agreement with Americard Creations, Inc. for the commercial sale of the photograph in the form of a postcard. In August 1981, Hustler reproduced a portion of the postcard in the "Bits & Pieces" section of *Hustler* magazine.

On May 10, 1982, Brewer registered his claim to a copyright in the photograph with the United States Copyright Office. Shortly thereafter, Brewer sued Hustler for copyright infringement. Brewer also raised three pendent state law claims, alleging that Hustler violated his right to privacy, his right of publicity, and his rights under section 3344 of the California Civil Code. Prior to trial, the district court dismissed the right to privacy claim and granted summary judgment in Hustler's favor on the section 3344 claim. At the conclusion of Brewer's case, the court directed a verdict for Hustler on the right of publicity claim. The copyright infringement claim went to the jury, which returned a verdict in Brewer's favor for $14,500.00.

## ANALYSIS

### I. *The Copyright Claim*

We may disturb a jury verdict only if the evidence was insufficient as a matter of law. *See Little v. Valley National Bank,* 650 F.2d 218, 220 (9th Cir.1981). Hustler claims that Brewer's pre-1978 use of the photograph constitutes a general publication, that its publication of the photograph was a fair use, and that the award of damages was excessive.

### A. *General vs. Limited Publication*

From 1975 through 1977, Brewer distributed approximately 200 business

---

[*] Honorable Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

cards bearing a small reproduction of the photograph to persons in the advertising industry, such as art directors and advertising agents. Hustler contends that this constituted a general publication, divesting Brewer of his common law copyright. *See American Vitagraph, Inc. v. Levy*, 659 F.2d 1023, 1026–27 (9th Cir.1981). There was sufficient evidence, however, for the jury to find that this constituted only a limited publication. Brewer restricted his publication to a select group of persons and to a very narrow purpose—obtaining employment. The reduced size of the photograph, its reproduction on a business card, and its limited distribution also support the jury's verdict. Thus, we reject Hustler's claim.

### B. *Fair Use*

■ Hustler claims that its publication constituted a fair use of the photograph. Congress has codified the fair use defense in 17 U.S.C. § 107. Section 107 sets forth four nonexclusive factors. First, we must consider "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." In light of the context of the publication, the jury could have reasonably concluded that the photograph was used as a humorous feature designed to enhance readership, rather than as a social commentary. *See Marcus v. Rowley*, 695 F.2d 1171, 1175 (9th Cir.1983).

Second, we must consider "the nature of the copyrighted work." The scope of the fair use defense is broader when informational works of general interest to the public are involved than when the works are creative products. *See Sony Corp. v. Universal City Studios, Inc.*, — U.S. —, 104 S.Ct. 774, 795 n. 40, 78 L.Ed.2d 574 (1984). The jury could have reasonably found that the photograph fell into the latter category.

Third, we must consider "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." In this case, only a small portion of the photograph was cropped off. This fact fa-

vors the jury's verdict. *See Walt Disney Productions v. Air Pirates*, 581 F.2d 751, 756 (9th Cir.1978), *cert. denied*, 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 94 (1979).

Finally, we must consider "the effect of the use upon the potential market for or value of the copyrighted work." Since the use was of a commercial nature, harm to Brewer could be presumed. *See Sony Corp.*, 104 S.Ct. at 793. Additionally, the jury could have found that the value of the photograph as a novelty item suffered from overexposure.

In summary, we note that fair use is determined by considering all the evidence in the case. *Rowley*, 695 F.2d at 1177. We conclude that there was sufficient evidence from which a jury could have found that Hustler's publication of the photograph was not a fair use.

### C. *Damages*

■ Hustler contends that the jury verdict was excessive as a matter of law because the jury utilized a speculative measure of damages by multiplying the royalty for one postcard by the number of issues of Hustler magazine sold. We decline to second-guess the jury's award of damages. The jury is not required to specify its method of computing damages. *See Cancellier v. Federated Department Stores*, 672 F.2d 1312, 1317 (9th Cir.), *cert. denied*, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982). We will not disturb an award of damages unless it is clearly unsupported by the record. *See DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir.1983). The jury was properly instructed not to award speculative damages, and the amount that they returned is within a range supported by the record. In any event, it is Hustler, rather than Brewer, that must bear the risk of uncertainty as to damages. *See Universal Pictures Co. v. Harold Lloyd Corp.*, 162 F.2d 354, 369 (9th Cir.1947). We reject Hustler's contention.

## II. *The State Law Claims*

### A. *Right of Privacy*

■ Because Brewer had already published the photograph, the district court

found that he had failed to state a cause of action for violation of his right of privacy. We agree. *See Gill v. Hearst Publishing Co.*, 40 Cal.2d 224, 253 P.2d 441, 444–51 (1953); *Smith v. National Broadcasting Co.*, 138 Cal.App.2d 807, 292 P.2d 600, 603 (1957). Brewer also contends that his right to privacy was violated by publication of the photograph in a sexually explicit magazine. This argument is without merit because Brewer had no right to choose the forum in which his photograph was displayed. *See Ann-Margret v. High Society Magazine, Inc.*, 498 F.Supp. 401, 405–06 (S.D.N.Y.1980).

### B. *Section 3344*

■ The district court granted a summary judgment against Brewer on his claim under Cal.Civ.Code § 3344. Section 3344 codifies the privacy tort of commercial appropriation of a plaintiff's name or likeness. *Porten v. University of San Francisco*, 64 Cal.App.3d 825, 828, 134 Cal.Rptr. 839, 841 (1976). Thus, this claim suffers from the same defects as the right of privacy claim. Additionally, the statute is limited to appropriation for purposes of advertising or solicitation of purchases. Hustler's use does not meet that description. *See Eastwood v. Superior Court*, 149 Cal. App.3d 409, 417–18, 198 Cal.Rptr. 342, 347 (1983). Thus, the district court's ruling was correct.

### C. *Right of Publicity*

■ The district court granted Hustler a directed verdict on Brewer's right of publicity claim. As the California Supreme Court has stated, the right of publicity "means in essence that the reaction of the public to name and likeness, which may be fortuitous or which may be managed or planned, endows the name and likeness of the person involved with commercially exploitable opportunities." *Lugosi v. Universal Pictures*, 25 Cal.3d 813, 824, 603 P.2d 425, 431, 160 Cal.Rptr. 323, 329 (1979). Brewer offered no evidence showing that the principle applied to the photograph.

Thus, the district court properly granted a directed verdict.

### CONCLUSION

The judgment of the district court is AFFIRMED. The parties shall bear their own costs.