963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre FISET, Plaintiff-Appellee,
v.
Shan SAYLES; Studio 1 Amusements, Inc., Defendants-Appellants.
 No. 90-16548.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1992.*
Decided May 22, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges and BURNS, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Studio 1 Amusements, Inc. ("Studio 1") appeals the district court's denial of its motion for judgment notwithstanding the verdict ("JNOV") and its denial of Studio 1's motion for a new trial. The district court had jurisdiction over Appellee Andre Fiset's federal copyright claim pursuant to 28 U.S.C. § 1338(a). It had pendant jurisdiction over Fiset's state claims. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). This court has jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 4
 * As a preliminary matter, we decline to accept Fiset's invitation to dismiss Studio 1's appeal for failure to comply with Federal Rule of Appellate Procedure 30(b). Ninth Circuit Rule 30-1 expressly waives an appellant's obligation to comply with Rule 30 and instead requires an appellant to file excerpts of record in accordance with the procedures set forth in Rule 30-1.
 
 II
 
 5
 Studio 1 argues that it should have received a JNOV because the evidence was insufficient for the jury to find that the advertisement in which it used Fiset's image was libelous on its face. JNOV is proper only when a court finds, without accounting for the credibility of witnesses, that the evidence, considered as a whole and viewed in the light most favorable to the non-moving party, can only support a verdict for the moving party. It is inappropriate when there is substantial evidence supporting a verdict in favor of the non-moving party. The Jeanery, Inc. v. James Jeans, Inc., 849 F.2d 1148, 1151 (9th Cir.1988). Applying this standard, we hold that the evidence was sufficient to support the jury's verdict.
 
 
 6
 Under California law, a writing is libelous on its face if it "is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact." Cal.Civ.Code § 45a (West 1982). The California Supreme Court has said that language may satisfy section 45a even if it is susceptible to an innocent interpretation. See MacLeod v. Tribune Publishing Co., 52 Cal.2d 536, 549 (1959). Language addressed to the general public is libelous on its face if "it is reasonable to assume that at least some of the readers will take it in its defamatory sense." Id.
 
 
 7
 The Nob Hill Cinema included a photograph of Fiset in miliary uniform in an advertisement promoting both its live masturbation shows and a pornographic film entitled "Men in the Military." Fiset's photograph was placed next to the language "Thousands Agree! We Have the Hottest & Best Live J/O Shows in San Francisco!" and above a description of the film. Studio I does not dispute that if this advertisement would cause some readers to conclude that Fiset would be performing either in the live shows or in the film, it would be libelous on its face. See Fisher v. Larsen, 188 Cal.Rptr. 216, 226-227 (Cal.App.1982) (innuendo falsely accusing person of conduct that would tend to cause person to be held in disrepute is defamatory per se), cert. denied, 464 U.S. 959 (1983). Rather, it argues that the advertisement could not have conveyed that message.
 
 
 8
 Studio 1's arguments are unavailing. First, the advertisement did not have to expressly state that Fiset would be in the shows or the video in order to carry the defamatory message. It was sufficient that the advertisement implied Fiset would be appearing. See MacLeod, 52 Cal.2d at 548-549. Second, while we agree with Studio 1 that the advertisement must be considered in its entirety, read as a whole the advertisement is still capable of conveying the defamatory message. Finally, the jury could well have concluded that Fiset was a public figure and yet still found in his favor. The jury was instructed, consistent with New York Times v. Sullivan, 376 U.S. 254 (1964) and Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974), that if it found that Fiset was a public figure, Studio 1 would only be liable if it either knew the defamatory message was false or acted with reckless disregard for the truth. There is no question that Studio 1 knew that Fiset would neither be performing in its masturbation shows nor acting in the military film, and so the jury could easily find that it acted with actual malice. The judge's conclusion that there was no evidence that Studio 1 acted with the malice necessary for imposing punitive damages under California Civil Code § 3294 has no bearing on whether it acted with the "actual malice" necessary to satisfy the First Amendment under New York Times.
 
 III
 
 9
 Studio 1 offers three reasons why the district court erred in refusing to grant its motion for a new trial under Federal Rule of Civil Procedure 59(a). We review the district court's decision not to grant a new trial for abuse of discretion. Hard v. Burlington N. R.R., 812 F.2d 482, 483 (9th Cir.1987).
 
 
 10
 * Studio 1 argues that it should receive a new trial because the jury's verdict holding it liable for violation of federal copyright law, misappropriation of Fiset's image under California Civil Code § 3344, and libel are inconsistent with its verdict in favor of Studio I on Fiset's common law privacy claim. "When faced with a claim that verdicts are inconsistent, the court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, and must exhaust this effort before it is free to disregard the jury's verdict and remand the case for a new trial." Toner v. Lederle Lab., 828 F.2d 510, 512 (9th Cir.1987) (citing Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 119 (1963), cert. denied, 485 U.S. 942 (1988). In reconciling a jury's verdicts, we consider them in light of the instructions the jury received. Id.
 
 
 11
 It is not difficult to reconcile the jury's verdict for Studio 1 on Fiset's common law privacy claim with its verdict against Studio 1 on Fiset's other claims. The jury received BAJI California Civil Jury Instruction 7.21, which states that "the right to privacy is subject to certain exceptions: .... "Public figures, candidates for public office, public officials, figures of the stage and screen and others who seek or voluntarily submit to publicity cannot complain of a violation of privacy." It is unlikely that any jury given this instruction would have found in favor of Fiset on his right to privacy claim.
 
 
 12
 But the jury could still have found for Fiset on his other claims. First, Fiset's status as a public figure does not limit his federal copyright rights. Second, because the jury could have found that Studio 1 acted with "actual malice," it could have concluded that Fiset was a public figure and still have granted a verdict in his favor on the libel claim. Finally, the jury had no reason to apply the "public figure" exception to section 3344. The text of that statute, which was read to the jury, says nothing about privacy or about public figures. And the jury was not instructed that section 3344 was subject to a public figure exception. The judge's statement that section 3344 is "analogous to the right of privacy, but [is] a separate section under California statutory law" should not have--and apparently did not--lead the jury to conclude that the statute was subject to the same public figure exception that it had been told applied to the common law right to privacy.****
 
 B
 
 13
 Studio 1 also argues that it should receive a new trial because the $40,000 verdict against it was excessive. This court will uphold an award of damages unless it is "grossly excessive or monstrous, clearly not supported by the evidence or based only on speculation or guesswork." Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 791 F.2d 1356, 1360 (9th Cir.1986), cert. denied, 484 U.S. 826 (1987). Given this standard, we cannot say the district court abused its discretion by refusing to grant a new trial on this ground. The damages Fiset suffered for the libel alone could have been worth $40,000. See Burnett v. Nat'l Enquirer, Inc., 193 Cal.Rptr. 206, 220 (Cal.App.1983) (evidence of damage to reputation, shame, and injured feelings sufficient to support $50,000 jury award). Certainly we do not regard the award of $40,000 as "monstrous" or shocking. Thus we need not consider the meaning of "actual damages" under section 3344.
 
 C
 
 14
 Finally, Studio 1 argues that it is entitled to a new trial because the verdicts are unsupported by the evidence. We will not upset a jury verdict if it is supported by substantial evidence. Oltz v. St. Peters Community Hosp., 861 F.2d 1440, 1450 (9th Cir.1988). Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion. Landes Const. Co. v. Royal Bank of Can., 833 F.2d 1365, 1371 (9th Cir.1987).
 
 
 15
 * Our discussion in Part II explains why there was substantial evidence supporting the jury's verdict on Fiset's libel claim.
 
 2
 
 16
 To the extent that Studio 1's sufficiency claim with respect to the copyright verdict is based on the alleged inconsistency of the jury's verdict, we have already explained why we reject that position.
 
 
 17
 Studio 1 suggests two additional reasons why the evidence does not support the jury's verdict on Fiset's copyright claim. First, Studio I alleges that there was substantial evidence that its use of Fiset's picture in its advertisement constituted "fair use." But the evidence that Studio 1 was using Fiset's picture to promote sales of the poster was far from substantial. Neither the paste-up nor the final version that appeared in the Bay Area Reporter contained any mention of a poster sale. Studio 1's claim was supported only by Sayles' testimony that the alleged "Copy B," which contained the words "Poster for Sale in Theatre Lobby," accompanied the paste-up when it went to the typesetter and was to be to be incorporated into the advertisement beneath Fiset's picture.
 
 
 18
 For several reasons, a reasonable jury could have disbelieved Sayles, and concluded that "Copy B" was created after the fact. First, the paste-up failed to provide any space beneath Fiset's picture in which to insert the words allegedly intended to be placed there. Second, to accept Sayles story, the jury would have had to believe that the typesetter followed Sayles instruction to insert "Copy A," but ignored his instruction to insert "Copy B." Third, though Sayles claimed that he had seen copies of the poster on sale in the theatre lobby, he also testified that he did not know of any records showing purchases of the poster by Studio 1 prior to May 12, 1988. Finally, Sayles testified that he had been unable to locate records of any sales of the poster even though, as he admitted, he needed to keep such records for tax purposes. Viewed in its entirety, the evidence supporting fair use was not substantial.
 
 
 19
 Studio 1 also asserts that Fiset's failure to affix a copyright notice to business cards and stationary brandishing the "I Love A Man In A Uniform" image and caption invalidated his copyright pursuant to 17 U.S.C. 405(a). We do not think the evidence that Fiset failed to affix a copyright notice on his business cards and stationary undermines the jury's verdict that the copyright was valid. See Brewer v. Hustler Magazine, Inc., 749 F.2d 527, 528 (1984) (distribution of business cards containing reproduction of copyrighted photograph without copyright symbol did not constitute "general publication" invalidating copyright).
 
 3
 
 20
 Finally, for the reasons expressed in Part III A, we reject Studio 1's contention that the jury should have exempted Fiset from liability under section 3344 because he is a "public figure."
 
 IV
 
 21
 Fiset also requests attorneys fees under 17 U.S.C. § 505 and California Civil Code § 3344. Reasonable attorneys fees are available to a prevailing party in a copyright action at the court's discretion. See 17 U.S.C. § 505 (1988). The prevailing party in an action brought under section 3344 is entitled to attorneys fees. See Cal.Civ.Code § 3344 (West Supp.1992). Fiset applied to the district court for attorneys fees under these statutes. That application was denied without prejudice and with a direction to counsel to "provide itemization re time spent per each issue" should the application be renewed. We remand to the district court to determine an appropriate award of fees for the trial and appeal.
 
 V
 
 22
 For the reasons set forth above, the judgment of the district court is
 
 
 23
 AFFIRMED.
 
 
 24
 The case is REMANDED to the district court to award attorneys fees in the appropriate amount.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 ****
 We note that the instruction stating that public figures have no right to privacy is exaggerated. Certainly the privacy rights of public figures are less substantial than those of private citizens who have not thrust themselves into the public light. But public figures have a right not to have their images appropriated without their consent under both the common law and section 3344. See e.g. Eastwood v. Superior Court, 198 Cal.Rptr. 342, 347 (Cal.App.1983)