978 F.2d 1265
 1992 Copr.L.Dec. P 27,005
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
D.C.I. COMPUTER SYSTEMS, INC.; Rick Austin, Plaintiffs-Appellants,
v.
Bill PARDINI, an individual doing business as Data
Consultants; BTB, Inc., a California corporation,
doing business as Data Consultants,
Defendants-Appellees.
D.C.I. COMPUTER SYSTEMS, INC.; Rick Austin, Plaintiffs-Appellees,
v.
Bill PARDINI, an individual doing business as Data
Consultants; BTB, Inc., a California corporation,
doing business as Data Consultants,
Defendants-Appellants.
 Nos. 91-15890, 91-15917.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided Nov. 5, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 D.C.I. Computer Systems, Inc. and Rick Austin appeal the district court's order granting summary judgment in favor of Bill Pardini and his company BTB, Inc. in D.C.I.'s copyright infringement action. The primary issue in this case is whether D.C.I. may claim copyright protection for a computer software program licensed to automobile dealers for six years before the copyright was registered. We uphold the district court's finding that D.C.I. "published" the computer software by distributing the program to automobile dealers pursuant to a trade secret licensing agreement and was thereby divested of copyright protection.
 
 
 3
 D.C.I. also contends that the district court erred in finding that its Lanham Act claim was barred by the statute of limitations. Pardini cross-appeals, arguing that the district court erred by denying its request for attorney's fees and costs.
 
 
 4
 We affirm the judgment of the district court.
 
 
 5
 * D.C.I. and Austin are not entitled to copyright protection because Version 5.3 was published more than five years prior to the date of its copyright registration. The work therefore passed into the public domain, and the creator cannot claim copyright protection. See 17 U.S.C. § 405(a).
 
 
 6
 The district court was correct in ruling that D.C.I.'s distribution of the program was a general publication under the Copyright Act of 1976, and so divested D.C.I. of statutory protection. The doctrine of limited publication allows distribution provided two requirements are met: (1) the work may be distributed only to a definitely selected group of people; and (2) the work may be distributed only for a limited purpose, without the right of further reproduction, distribution or sale. White v. Kimmell, 193 F.2d 744, 746-47 (9th Cir.), cert. denied, 343 U.S. 957 (1952). The district court correctly found that D.C.I. did not meet the prongs of this test.
 
 
 7
 D.C.I. did not select a particular group of people and then offer to distribute Version 5.3 of the F & I program to members of that group. It is undisputed that D.C.I. licensed its F & I program to any automobile or recreational vehicle dealership in the country that would agree to enter into a contract, and so fails the select group test. See Brown v. Tabb, 714 F.2d 1088, 1091-92 (11th Cir.1983); Data Cash Sys., Inc. v. JS & A Group, Inc., 628 F.2d 1038 (7th Cir.1980). Moreover, it did not meet the limited purpose prong, since its purpose in distribution was pecuniary gain. Academy of Motion Picture Arts and Sciences v. Creative House Promotions, 944 F.2d 1446, 1453 (9th Cir.1991); Brewer v. Hustler Magazine, 749 F.2d 527, 529 (9th Cir.1984); American Vitagraph, Inc. v. Levy, 659 F.2d 1023, 1028 (9th Cir.1981).
 
 II
 
 8
 D.C.I.'s federal complaint alleged that Pardini violated the Lanham Trademark Act, 15 U.S.C. § 1125(a). D.C.I. argues that the claim is not barred by the state statute of limitations because it "relates back" to the original state complaint filed in 1985 and therefore is timely. Further, D.C.I. argues that with respect to this claim, the running of the limitations period was tolled when D.C.I. reasonably and in good faith pursued a different legal remedy in state court.
 
 
 9
 Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:
 
 
 10
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
 
 
 11
 Fed.R.Civ.P. 15(c). The state complaint filed by D.C.I. in 1985 alleged that Pardini had breached the parties' Settlement Agreement by selling or otherwise conveying computer programs to persons not described in the Agreement. This was a separate complaint in an earlier action against Pardini. Rule 15(c), on its face, applies to amended pleadings. The pleading which contained D.C.I.'s untimely Lanham Act claim was not an amendment to the state pleading. Because rule 15(c) does not authorize an amended pleading to "relate back" to an entirely separate cause of action, D.C.I.'s Lanham Act claim is barred by the statute of limitations. Bailey v. Northern Indiana Pub. Serv. Co., 910 F.2d 406 (7th Cir.1990); Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992 (8th Cir.1989).
 
 
 12
 The doctrine of equitable tolling suspends the running of the statute of limitations in a parallel proceeding provided: (1) the defendant received timely notice; (2) the defendant is not prejudiced; and (3) the plaintiff acted reasonably and in good faith. Addison v. State of California, 146 Cal.Rptr. 224, 227 (1978). The action filed by D.C.I. in state court in 1985 alleged only that Pardini had breached the Settlement Agreement by selling the F & I program to "individuals and entities not authorized by the said agreement." This complaint did not put Pardini on notice that he was being sued for unfair trade practices or unfair competition. Because D.C.I. is asserting a different cause of action in its federal complaint, the doctrine of equitable tolling does not suspend the running of the statute of limitations.
 
 III
 
 13
 In Bibbero Systems, Inc. v. Colwell Systems, Inc., this court explained: "In order to receive attorney's fees on a claim of copyright infringement, a prevailing defendant must show that the action was frivolous or brought in bad faith." 893 F.2d 1104, 1108 (9th Cir.1990). The district court found no evidence of frivolity or bad faith. The district court did not abuse its discretion in denying Pardini's request for attorney's fees.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3