225 Cal.App.3d 720 (1990)
275 Cal. Rptr. 494
LARRY L. MOYER, Plaintiff and Appellant,
v.
AMADOR VALLEY JOINT UNION HIGH SCHOOL DISTRICT et al., Defendants and Appellants.
Docket Nos. A046084, A047591.
Court of Appeals of California, First District, Division One.
November 27, 1990.
*722 COUNSEL
McCray, Rowland & Donovan and Rita Rowland for Plaintiff and Appellant.
Stubbs, Stubbs, Hittig & Stubbs, Stubbs, Hittig & Leone, Louis A. Leone, Barry R. Gross, Anthony L. Head, Dobbs, Berger, Molinari, Vanelli, Nadel & Links and Robert D. Links for Defendants and Appellants.
[Opinion certified for partial publication.[*]]
OPINION
RACANELLI, P.J.
Plaintiff Larry L. Moyer, a teacher by profession, filed a 12-count complaint seeking damages on theories of defamation and infliction of emotional distress arising from the publication of a story in a high school student newspaper. Plaintiff now appeals from an order dismissing his complaint following the sustaining of general demurrers without leave to amend. The appeal is presented against the following factual and procedural background.
On March 11, 1988, an article appeared in In Flight, a student publication of Foothill High School, reporting that a smoke bomb had gone off in plaintiff's classroom. The headline stated: "Students terrorize Moyer." The article quoted the bomb-throwing student who merely "wanted to play a joke" as well as "The Shadow," the student who supplied the smoke bomb because "Mr. Moyer is a babbler, and babblers are annoying to me.... [¶] Also he pissed me off, he is the worst teacher at FHS."
The complaint named as party defendants the school district, school principal, student newspaper adviser, the students who made and reported the comments, including another student who reported plaintiff's filing of a governmental tort (libel) claim and republished the "babbler" and "worst teacher" remarks. The opposing arguments below centered on whether the challenged remarks constituted nonactionable expressions of opinion or arguably triable factual issues.
While sustaining the general demurrers, the trial court denied the school district's motion for costs, including attorney fees, under the authority of Code of Civil Procedure section 1038. The district has filed a separate appeal from that order which we have consolidated herein.

*723 DISCUSSION

I. Defamation

Prior to the filing of briefs herein, the courts perceived a fundamental distinction between statements of fact and statements of opinion. Statements of opinion were held to be protected by the First Amendment and thus not actionable. (Baker v. Los Angeles Herald Examiner (1986) 42 Cal.3d 254, 259-260 [228 Cal. Rptr. 206, 721 P.2d 87], cert. den. 479 U.S. 1032 [93 L.Ed.2d 834, 107 S.Ct. 880]; Okun v. Superior Court (1981) 29 Cal.3d 442, 450-451 [175 Cal. Rptr. 157, 629 P.2d 1369], cert. den. sub nom. Maple Properties v. Superior Court (1981) 454 U.S 1099 [70 L.Ed.2d 641, 102 S.Ct. 673]; Gregory v. McDonnell Douglas Corp. (1976) 17 Cal.3d 596, 600-604 [131 Cal. Rptr. 641, 552 P.2d 425]; Hofmann Co. v. E.I. Du Pont de Nemours & Co. (1988) 202 Cal. App.3d 390, 407-408 [248 Cal. Rptr. 384]; Scott v. McDonnell Douglas Corp. (1974) 37 Cal. App.3d 277, 290-291 [112 Cal. Rptr. 609].) This prevailing rule was grounded primarily on dictum contained in Gertz v. Robert Welch, Inc. (1974) 418 U.S. 323, 339-340 [41 L.Ed.2d 789, 805, 94 S.Ct. 2997]: "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact."
On June 21, 1990, while this appeal was pending, our highest court filed its opinion in Milkovich v. Lorain Journal Co. (1990) 497 U.S. ___ [111 L.Ed.2d 1, 110 S.Ct. 2695], in which it reexamined the law of defamation within the context of the First Amendment and rejected what it called "the creation of an artificial dichotomy between `opinion' and fact." (Id. at p. ___ [111 L.Ed.2d at p. 18].) (1a) The court explained that the language in Gertz had been interpreted too broadly and was not intended to create "a wholesale defamation exemption for anything that might be labeled `opinion.'" (Id. at p. ___ [111 L.Ed.2d at p. 17]) Instead, the court made clear that a false assertion of fact could be libelous even though couched in terms of opinion.[1]
*724 Although the Milkovich court held that there is no separate First Amendment privilege for statements of opinion, the court recognized that existing constitutional doctrine remained operative to protect free expression of ideas. That is, statements that cannot be "reasonably interpreted as stating actual facts" are still entitled to constitutional protection. (497 U.S. at p. ___ [111 L.Ed.2d at p. 19]; e.g., Hustler Magazine v. Falwell (1988) 485 U.S. 46, 50, 57 [99 L.Ed.2d 41, 48, 53, 108 S.Ct. 876] [parody]; Letter Carriers v. Austin (1974) 418 U.S. 264, 284-286 [41 L.Ed. 745, 761-763, 94 S.Ct. 2770] [hyperbole and imaginative expression]; Greenbelt Pub. Assn. v. Bresler (1970) 398 U.S. 6, 13-14 [26 L.Ed.2d 6, 14-15, 90 S.Ct. 1537] [same].)
Before Milkovich, the California courts had employed a "totality of the circumstances" test to differentiate between fact and opinion: "First, the language of the statement is examined. For words to be defamatory, they must be understood in a defamatory sense.... [¶] Next, the context in which the statement was made must be considered.... [¶] This contextual analysis demands that the courts look at the nature and full content of the communication and to the knowledge and understanding of the audience to whom the publication was directed." (Baker v. Los Angeles Herald Examiner, supra, 42 Cal.3d at pp. 260-261.) The crucial determination whether the statement was fact or opinion was held to be a question of law for the court. (Id. at p. 260; see generally Letter Carriers v. Austin, supra, 418 U.S. 264; Greenbelt Pub. Assn. v. Bresler, supra, 398 U.S. 6; see also Okun v. Superior Court, supra, 29 Cal.3d at p. 450; Gregory v. McDonnell Douglas Corp., supra, 17 Cal.3d at p. 601.) The federal courts employed a similar test. (Ollman v. Evans (D.C. Cir.1984) 750 F.2d 970, 979 [242 App.D.C. 301], cert. den. (1985) 471 U.S. 1127 [86 L.Ed.2d 278, 105 S.Ct. 2662].)
Milkovich did not substantially change these principles; it underscored that in cases such as this, raising First Amendment issues, a reviewing court must make an independent examination of the whole record in order to ensure that there is no infringement of free expression. (497 U.S. at p. ___ [111 L.Ed.2d at p. 17]; Bose Corp. v. Consumers Union of U.S., Inc. (1984) 466 U.S. 485, 499 [80 L.Ed.2d 502, 515-516, 104 S.Ct. 1949].) (2) (See fn. 2), (1b) The dispositive question for the court is whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion. (497 U.S. at p. ___ [111 L.Ed.2d at p. 19].)[2] *725 The answer to that question is determined by applying the "totality of circumstances" test  a review of the meaning of the language in context and its susceptibility to being proved true or false. (Ibid; see also 497 U.S. at p. ___ [111 L.Ed.2d at p. 20] (dis. opn. of Brennan, J.).)
(3) Turning to the relevant circumstances herein, plaintiff essentially asserts the publication contained three factual statements: (1) the headline, "Students terrorize Moyer"; (2) "Mr. Moyer is a babbler ...."; and (3) "he is the worst teacher at FHS." Thus, the narrow issue before this court is whether these statements can reasonably be understood to state actual facts about plaintiff. In determining that issue, we consider the nature and meaning of the language used, including the verifiability of the statements, and the context in which the statements appeared. Viewed through that analytical prism, we are impelled to conclude that the statements are not actionable.
As to the third or "worst teacher" statement, there is no factual assertion capable of being proved true or false. Clearly, the statement is an expression of subjective judgment by the speaker. The full text of the sentence confirms that the statement was simply an expression of anger or disgust on the student-speaker's part. The statement contains no verifiable facts and is clearly protected under the First Amendment. (See, e.g., Botos v. Los Angeles County Bar Assn. (1984) 151 Cal. App.3d 1083, 1088-1090 [199 Cal. Rptr. 236] [rating judge "not qualified" by local bar association was a collective judgment of the judge's qualifications and not an actionable statement of fact].)
Nor does the second or "babbler" statement fall within the legal framework of actionable speech. A commonly accepted definition of "babbler" is *726 one who utters meaningless or unintelligible sounds, who talks foolishly or incessantly. (See Webster's New Collegiate Dict. (1977) p. 81.) Obviously, the readers of the article would have understood that the word was not used literally but as a form of exaggerated expression conveying the student-speaker's disapproval of plaintiff's teaching or speaking style. The statement could not reasonably have been understood to be stating actual facts about plaintiff. (E.g., Letter Carriers v. Austin, supra, 418 U.S. at pp. 284-286 [41 L.Ed.2d at pp. 761-763] ["traitor" understood to mean that plaintiffs' actions were reprehensible, not that plaintiffs had committed treason]; Greenbelt Pub. Assn. v. Bresler, supra, 398 U.S. at pp. 13-14 [26 L.Ed.2d at p. 15] ["blackmail" merely a vigorous epithet used to describe unreasonable negotiating position]; Buckley v. Littell (2d Cir.1976) 539 F.2d 882, 893, cert. den. (1977) 429 U.S. 1062 [50 L.Ed.2d 777, 97 S.Ct. 785] [the term "fascist" subject to a variety of interpretations and cannot be regarded as a statement of fact]; Rinaldi v. Holt, Rinehart & Winston, Inc. (1977) 42 N.Y.2d 369 [397 N.Y.S.2d 943, 950-951, 366 N.E.2d 1299], cert. den. (1977) 434 U.S. 969 [54 L.Ed.2d 456, 98 S.Ct. 514] [accusing judge of being "corrupt" actionable, but calling him "incompetent" too vague to constitute a statement of fact]; Cole v. Westinghouse Broadcasting Co., Inc. (Mass. 1982) 386 Mass. 303 [435 N.E.2d 1021], cert. den. (1982) 459 U.S. 1037 [74 L.Ed.2d 603, 103 S.Ct. 449] [statement that reporter engaged in "sloppy and irresponsible reporting" too imprecise to be a false statement of fact].)
Finally, as to the first statement, we agree with plaintiff that by its nature a headline over a news story arguably implies a factual assertion.[3] But even if the descriptive term "terrorize" is an exaggeration of the actual event, it nonetheless falls within the protectible category of rhetorical hyperbole  a word used in a loose, figurative sense. Moreover, the article read in full context accurately reported that one student supplied another student with a smoke bomb that was set off during plaintiff's class.[4]
In summary, we conclude that the statements are not actionable, that no fact finder could reasonably interpret the statements as stating actual facts about plaintiff, and, consequently, that the demurrers were properly sustained.

*727 II. District's Appeal[*]
.... .... .... .... ....
The judgment or orders appealed from, and each of them, are affirmed. The parties shall bear their respective cost on appeal.
Newsom, J., and Stein, J., concurred.
NOTES
[*] Part II of this opinion is not certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)
[1] We note that the two dissenting justices in Milkovich agreed with the majority's legal analysis but disagreed as to the application of the announced principles to the statements at issue. (497 U.S. at pp. ___, ___ [111 L.Ed.2d at pp. 21-23].) Indeed, the notion that a statement may be understood as a factual assertion though phrased as an opinion has long been recognized in California. (See Okun v. Superior Court, supra, 29 Cal.3d at p. 450; Good Government Group of Seal Beach, Inc. v. Superior Court (1978) 22 Cal.3d 672, 682 [150 Cal. Rptr. 258, 586 P.2d 572], cert. den. (1979) 441 U.S. 961 [60 L.Ed.2d 1066, 99 S.Ct. 2406]; Rest.2d Torts, § 566.)
[2] The common law rule that truth is a defense to alleged defamation with the burden of proof on the defendant (Lipman v. Brisbane Elementary Sch. Dist. (1961) 55 Cal.2d 224, 233 [11 Cal. Rptr. 97, 359 P.2d 465]) is superseded by a constitutional rule when the plaintiff is a public official or public figure, or when the statements are matters of public concern published by a media defendant. In those cases, the burden is on the plaintiff to prove falsity. (Philadelphia Newspapers, Inc. v. Hepps (1986) 475 U.S. 767, 775-777 [89 L.Ed.2d 783, 791-793, 106 S.Ct. 1558]; see Brown v. Kelly Broadcasting Co. (1989) 48 Cal.3d 711, 753, fn. 37 [257 Cal. Rptr. 708, 771 P.2d 406].)

The U.S. Supreme Court has yet to decide the applicable standard when the defendant is not a media defendant. (Philadelphia Newspapers, Inc. v. Hepps, supra, 475 U.S. at p. 779, fn. 4 [89 L.Ed.2d at p. 794]; see Milkovich v. Lorain Journal Co., supra, 497 U.S. at p. ___, fn. 6 [111 L.Ed.2d at p. 18]; Hutchinson v. Proxmire (1979) 443 U.S. 111, 133, fn. 16 [61 L.Ed.2d 411, 430, 99 S.Ct. 2675]; but see Miller v. Nestande (1987) 192 Cal. App.3d 191, 197-200 [237 Cal. Rptr. 359, 62 A.L.R.4th 301].) In the present case, plaintiff asserted at oral argument that In Flight is not a media defendant; thus, the common law presumption of falsity should apply. Plaintiff misapprehends the pivotal question raised in this appeal. The issue is not whether the statements were actually true or false, a question of fact for trial. Rather, in this challenge to the sustaining of the demurrers, the question is one of law: whether the statements contain provably false factual assertions and thus fall outside the protection of the First Amendment.
[3] We assume only for purposes of discussion that the statement is defamatory. In all candor, however, we have great difficulty seeing anything false or defamatory in the assertion that plaintiff was "terrorized."
[4] The subsequent story reporting plaintiff's filing of a libel claim eventually republished the substance of the original In Flight story.
[*] See footnote, ante, page 720.