**Carl SAGAN, Plaintiff,**

v.

**APPLE COMPUTER, INC., Defendant.**

**CV 94–2180 LGB (BRx).**

United States District Court,
C.D. California.

June 27, 1994.

**1074**

Peter W. James, Anthony M. Keats, Dennis F. Hernandez, Baker & Hostetler, Los Angeles, CA, for defendant Apple Computer, Inc.

Peter Laird, Ralph C. Loeb, Karen Brodkin, Edelstein & Laird, P.C., Los Angeles, CA, for plaintiff Carl Sagan.

BAIRD, District Judge.

Defendant's motion to dismiss, motion for a more definite statement, and motion to strike came on regularly for hearing before this Court on June 27, 1994. After reviewing the materials submitted by the parties, argument of counsel, and all other matters presented to the Court, it is hereby ORDERED that Defendant's motion to dismiss claims six and seven in Plaintiff's complaint is GRANTED, and that Defendant's motions for a more definite statement and to strike are DENIED.

## I. Background

On April 5, 1994, Carl Sagan ("Plaintiff") initiated this action against Apple Computer, Inc. ("Defendant"), asserting the following causes of action:

1. Violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a);
2. Violation of Cal.Civil Code § 3344;
3. Unfair Competition;
4. Infringement of Right of Publicity;
5. Invasion of Privacy;
6. Libel;
7. Intentional Infliction of Emotional Distress; and
8. For an Accounting.

All of the causes of action arise out of a common nucleus of alleged facts. Plaintiff alleges that Defendant began using the name "Carl Sagan" in connection with a personal computer in 1993. (Complaint, ¶ 8.) After Defendant's use was allegedly publicized in computer periodicals and other publications, Plaintiff's attorneys demanded that Defendant cease use of the name. (Complaint, ¶ 10.) Plaintiff alleges that Defendant informed Plaintiff that it was using Plaintiff's name as a "code name" for a new personal computer, and that Defendant would cease use of the name. (Complaint, ¶ 11.) Plaintiff contends that in January of 1994, Defendant changed the "code name" to "Butt–Head Astronomer," which was published by Defendant and appeared in numerous newspapers and in other media. (Complaint, ¶ 12.)

Currently before the Court are Defendant's motion to dismiss Plaintiff's sixth and seventh claims for failure to state a claim, motion for a more definite statement as to the first, second, third, and fourth claims, and motion to strike the fifth Claim. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## II. Motion to Dismiss

### A. Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a party to move to dismiss a claim for failure to allege facts upon which relief can be granted. A Rule 12(b)(6) motion must not be granted "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

■ The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986); *see also Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980) (finding that the complaint must be read in the light most favorable to the plaintiff). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Min. Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); *Hiland Dairy, Inc. v. Kroger Co.,* 402 F.2d 968, 973 (8th Cir.1968), *cert. denied,* 395

U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969).

■ Furthermore, unless the Court converts a Rule 12(b)(6) motion into a motion for summary judgment, the court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir.1981).

### B. Plaintiff's Sixth Claim for Libel

Defendant argues that the statement "Butt–Head Astronomer" cannot be the basis of a libel action because such a statement is an opinion which is nonactionable under the First Amendment. *See Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Defendant also argues that such a statement is nonactionable under California law.

■ The constitutional defense of privileged opinion is applied before analyzing whether the statement in question is actionable under state law. *Ault v. Hustler Magazine, Inc.,* 860 F.2d 877, 880 (9th Cir.1988).

#### 1. Federal Law

The Supreme Court held in *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), that *Gertz, supra,* did not "create a wholesale defamation exemption for anything that might be labeled 'opinion.'" *Milkovich,* 497 U.S. at 18, 110 S.Ct. at 2705. The Court recognized that expressions of opinion may often imply an assertion of objective fact. *Id.* Thus, the dispositive question in determining whether a statement of opinion can form the basis of a state libel action is "whether a reasonable factfinder could conclude that the statements imply an assertion [of fact]." *Id.* at 21, 110 S.Ct. at 2707.

In the Ninth Circuit, courts analyze the following conditions set forth in *Milkovich:*

(1) whether the defendant used figurative or hyperbolic language that would negate the impression that he was seriously maintaining an assertion of fact;

(2) whether the general tenor of the communication negated the assertion of fact; and

(3) whether the assertion is susceptible of being proved true or false.

*Unelko Corp. v. Rooney,* 912 F.2d 1049, 1053 (9th Cir.1990)

■ Plaintiff's libel action is based on the allegation that Defendant changed the "code name" on its personal computer from "Carl Sagan" to "Butt–Head Astronomer" after Plaintiff had request that Defendant cease use of Plaintiff's name. (Complaint, ¶¶ 6–12, 45–51.) There can be no question that the use of the figurative term "Butt–Head" negates the impression that Defendant was seriously implying an assertion of fact. It strains reason to conclude that Defendant was attempting to criticize Plaintiff's reputation or competency as an astronomer. One does not seriously attack the expertise of a scientist using the undefined phrase "butt-head." Thus, the figurative language militates against implying an assertion of fact. *Unelko,* 912 F.2d at 1054.

Furthermore, the tenor of any communication of the information, especially the phrase "Butt–Head Astronomer," would negate the impression that Defendant was implying an assertion of fact. The complaint states that Defendant changed the name of its personal computer from "Carl Sagan" to "Butt–Head Astronomer," and that "[t]his change was published by Apple, and it appeared in numerous newspaper articles and in other media." (Complaint, ¶ 12.) Any reader exposed to such a publication would likely have knowledge of the context in which the language was used. A reader aware of the context would understand that Defendant was clearly attempting to retaliate in a humorous and satirical way against Plaintiff's reaction to Defendant's use of his name. A reasonable reader would further conclude that the use of the term "astronomer" did not imply that Plaintiff was a less than able astronomer, but that the word was a merely a means of identifying Plaintiff. Finally, a reasonable reader would conclude that the phrase "Butt–Head Astronomer" did not imply that Plaintiff was legally wrong in asking Defendant to cease using his name. After

**1076**

all, by ceasing use of Plaintiff's name, Defendant's actions spoke louder than words.[1] Thus, the tenor of the communication militates against implying an assertion of fact. *Unelko,* 912 F.2d at 1054.

Because a reasonable factfinder could not conclude that "Butt–Head Astronomer" implied that Plaintiff was a less than able astronomer or that Plaintiff was legally wrong in asking Defendant to cease using Plaintiff's name, the only remaining assertion is the bare statement that Plaintiff is a "Butt–Head Astronomer." Clearly this phrase cannot rest on a core of objective evidence. Plaintiff does not suggest any other assertions of objective fact that could be reasonably implied from the phrase.

Based on an analysis of the factors identified in *Unelko,* the Court has no reason to conclude that the statement made by Defendant implies an assertion of objective fact. *Milkovich,* 497 U.S. at 21, 110 S.Ct. at 2707. Therefore, the statement is protected under the First Amendment and cannot form the basis of a claim for libel.

### 2. California law

■ Defendant's position is further supported by California law. In light of *Milkovich,* California courts use a "totality of circumstances" test to evaluate the threshold question of law as to whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion. *Moyer v. Amador Valley J. Union High School Dist.,* 225 Cal.App.3d 720, 724, 275 Cal.Rptr. 494 (1990); *Kahn v. Bower,* 232 Cal.App.3d 1599, 284 Cal.Rptr. 244 (1991). In essence, the "totality of circumstances" test and the *Unelko* test are identical. *Moyer,* 225 Cal.App.3d at 725, 275 Cal.Rptr. 494 (stating that the "totality of circumstances" test is "a review of the meaning of the language in context and its susceptibility to being proved true or false.); *see also Edwards v. Hall,* 234 Cal.App.3d 886, 903, n. 14, 285 Cal.Rptr. 810, n. 14 (1991) ("[T]he publi-

cation is to be measured not so much by its effect when subjected to the critical analysis of a mind trained in the law, but by the natural and probable effect upon the average reader.") Thus, the Court's analysis *supra* applies here and is incorporated by reference.

Plaintiff cites *Gill v. Hughes,* 227 Cal. App.3d 1299, 278 Cal.Rptr. 306 (1991), in support of his position. However, in *Gill* the following statement was found to be actionable: "He is an incompetent surgeon and needs more training." *Id.* at 1309, 278 Cal. Rptr. 306. Such a statement is clearly distinguishable from the statement made here.

■ Therefore, the statement made by Defendant is protected under California law and cannot form the basis of a claim for libel. *Moyer,* 225 Cal.App.3d at 724, 725, 275 Cal. Rptr. 494.

### 3. Conclusion

Because the statement made by Defendant is not actionable under the First Amendment and California law, the Court hereby ORDERS that Defendant's motion to dismiss Plaintiff's sixth Claim for libel is GRANTED.

### C. Plaintiff's Seventh Claim for Intentional Infliction of Emotional Distress

In *Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 108 S.Ct. 876, 99 L.Ed.2d 41 (1987), the Supreme Court held that public figures may not recover for the tort of intentional infliction of emotional distress without showing that the publication contains a false statement of fact made with actual malice. Furthermore, in *Ault v. Hustler Magazine, Inc.,* 860 F.2d 877, 880 (9th Cir.1988), the Ninth Circuit held that the First Amendment prohibits a constitutionally privileged statement of opinion from forming the basis of a claim for intentional infliction of emotional dis-

---

1. Sagan attempts to introduce a newspaper article containing the alleged defamatory statement. (Memorandum in Opposition to Defendant's Motion to Dismiss, Exhibit A.) However, this Court's analysis is limited to the four corners of the complaint. Nevertheless, consideration of the article would not help Sagan's position. Sagan asserts that the article implies facts which are capable of being proven false. If this is true, then Sagan's action lies against the publisher of the article, and not Defendant herein.

tress.[2] California substantive law is in accord. *See Moyer,* 225 Cal.App.3d at 726, 275 Cal.Rptr. 494 (sustaining demurrer to claim for intentional infliction of emotional distress claim based on privileged statements).

■ Plaintiff cannot deny that he is a public figure. (Complaint, ¶ 6.) Furthermore, as discussed above, "Butt–Head Astronomer" is not, nor does it imply, a statement of fact capable of being proven true or false. Therefore, the statement is protected by the First Amendment and is not actionable under California law.

Accordingly, the Court hereby ORDERS that Defendant's motion to dismiss Plaintiff's Seventh Claim is GRANTED.

### III. Motion for a More Definite Statement

#### A. Standard

■ Rule 12(e) provides that "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981).

■ Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. *In re American Int'l Airways, Inc.,* 66 B.R. 642, 645 (E.D.Pa.1986). Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.

■ A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made. *Van Dyke Ford, Inc. v. Ford,* 399 F.Supp. 277, 284 (E.D.Wis. 1975). Such a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted. *Boxall v. Sequoia High School*

*Dist.,* 464 F.Supp. 1104, 1113–14 (N.D.Cal. 1979).

#### B. Analysis

At the foundation of Defendant's argument here is its contention that in order for Plaintiff to recover under the first four causes of action he has alleged, Plaintiff must allege and ultimately prove that Defendant used Plaintiff's name to promote the sale of personal computers in commerce.

Plaintiff's first claim is under the Lanham Act. The Lanham Act states:

> Any person who, on or in connection with any goods or services, ... uses in commerce any ... name ... which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). Thus, the Lanham Act requires Plaintiff to show that Defendant used Plaintiff's name "in commerce." Defendant argues that Plaintiff's third claim for unfair competition requires the same averment of use in commerce as the Lanham Act. Thus, according to Defendant, the analysis of the Lanham Act claim applies to Plaintiff's unfair competition claim as well.

■ Plaintiff's second claim is under section 3344 of the California Civil Code, which states:

> Any person who knowingly uses another's name ... in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's

**2.** Although *Milkovich* limits *Ault* in other ways, it does not upset this portion of the *Ault* ruling.

prior consent ... shall be liable for any damages sustained by the person or persons injured as a result thereof.

*Id.* To plead a claim under § 3344, there must be an allegation of a "direct" connection between the use and the commercial purpose. *Brewer v. Hustler Magazine, Inc.,* 749 F.2d 527 (9th Cir.1984) (finding that California Civil Code § 3344 is limited to appropriation for purposes of advertising or soliciting purchases); *Eastwood v. Superior Court,* 149 Cal.App.3d 409, 417–418, 198 Cal.Rptr. 342 (1983) (finding that the allegation that The National Enquirer used Clint Eastwood's name for the purpose of promoting sales satisfied requirement).

Finally, Plaintiff's fourth claim for violation of his common law right of publicity requires, among other things, that plaintiff allege "the appropriation of plaintiff's name or likeness to defendant's advantage, commercial or otherwise." *White v. Samsung Electronics America, Inc.,* 971 F.2d 1395, 1397 (9th Cir. 1992) (citing *Eastwood v. Superior Court,* 149 Cal.App.3d 409, 417, 198 Cal.Rptr. 342).

Defendant's argues that Paragraphs 11, 12 and 14 of the complaint introduce ambiguity into the complaint such that Defendant cannot reasonably be required to frame a responsive pleading with regard to Plaintiff's first four claims. The relevant portions of the complaint state:

11. On or about December 6 and 7, 1993, Apple advised Sagan's attorneys that Apple was using Sagan's name as a "code name" for an Apple PC and that Apple would cease using Sagan's name.

12. In or about January 1994, Apple changed the "code name" of the Apple PC from "Carl Sagan" to "Butt–Head Astronomer". This change was published by Apple, and it appeared in numerous newspaper articles and in other media.

14. Defendant has used Sagan's name throughout the United States, for its own financial gain and for the purpose of adver-

tising, selling and soliciting purchases of Apple PC's.

(Complaint, ¶¶ 11, 12, 14.)

Ostensibly, Paragraph 14 satisfies the "in commerce" requirement of Plaintiff's first four claims. Nonetheless, Defendant argues that notwithstanding Paragraph 14, Paragraph 11 of the complaint acknowledges use of Plaintiff's name as a "code name," and because such a code name was used for internal business purposes before the product was advertised, marketed, or sold, the "in commerce" requirement is not satisfied. Furthermore, Defendant argues that the complaint can be read as asserting either that Defendant used Plaintiff's name internally as a code name or that Defendant used the name in commerce, and that such an ambiguity should be resolved in favor of Defendant by adopting the former interpretation.

■■■ Defendant's contention is based on a misreading of Paragraphs 11 and 12. Plaintiff does not assert that Defendant used Plaintiff's name as a "code name," but simply asserts that *Defendant advised Plaintiff's attorneys* that Defendant was using Plaintiff's name as a "code name" for an Apple PC. (Complaint, ¶ 10; emphasis added.) Therefore, the "code name" allegations found in Paragraphs 11 and 12 are not allegations of Plaintiff's belief as to the true state of affairs, but are allegations as to what Plaintiff was told by Defendant.[3] Paragraph 14 of the complaint more properly characterizes Plaintiff's allegations, and these allegations are sufficient to satisfy the "in commerce" requirement.

Furthermore, even if Paragraphs 11 and 12 can be read as contradicting Paragraph 14, such a contradiction would not make the complaint so vague and ambiguous that Defendant cannot be reasonably required to frame a responsive pleading. Furthermore, Defendant's contention that any ambiguity between Paragraphs 11 and 12, on the one hand, and Paragraph 14, on the other, should be resolved in favor of Defendant is anti-

---

**3.** This would explain the quotation marks Plaintiff places around the words "code name" in Paragraphs 11 and 12—i.e., Plaintiff was simply quoting what he had been told.

thetical to fundamental principles of complaint interpretation.

Therefore, the Court hereby ORDERS that Defendant's motion for a more definite statement is DENIED.

## IV. Motion to Strike

### Standard

Rule 12(f) provides that a court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." " 'Redundant' matter consists of allegations that constitute a needless repetition of other averments." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 704 (1990).

The motion may be denied "if the redundancy consists only of alleging specifically that which has been alleged generally in other paragraphs, or if there is any doubt whether pleaded material is redundant and some party may be prejudiced by striking it." *Wright & Miller* at 706. Moreover, if the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits. *Wright & Miller* at 700; *see also United States v. 729.773 Acres of Land, Etc.,* 531 F.Supp. 967, 971 (D.Haw.1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor.").

Furthermore, a court should keep in mind that the function of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993) (citing *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983)).

Defendant argues that under California law, the right of publicity (the appropriation, for the defendant's commercial advantage, of plaintiff's name or likeness) is the same as the right of privacy. As a result, Plaintiff

may assert different theories of relief, but they must be maintained under one claim.

In *Lugosi v. Universal Pictures,* 25 Cal.3d 813, 160 Cal.Rptr. 323, 603 P.2d 425 (1979), the California Supreme Court recognized Dean Prosser's identification of the four torts comprising the law of privacy: (1) "Intrusion" upon the plaintiff's seclusion or solitude or into his private affairs, (2) Public disclosure of embarrassing "private facts," (3) Publicity which places the plaintiff in a "false light," and (4) "Appropriation," for the defendant's advantage, of the plaintiff's name or likeness. *Id.* at 819, 160 Cal.Rptr. 323, 603 P.2d 425. The Court stated that the right of publicity is at the heart of the law of privacy. *Id.* at 824, 160 Cal.Rptr. 323, 603 P.2d 425. Therefore, the Court impliedly held that the protection of the right of publicity emanates from the misappropriation branch of the law of privacy.

Later, in *Dora v. Frontline Video, Inc.,* 15 Cal.App.4th 536, 18 Cal.Rptr.2d 790 (1993), the California Court of Appeal recognized that the misappropriation branch of the law of privacy has two aspects:

The first type of appropriation is the right of publicity, as was at issue in *Lugosi,* which is 'in essence that the reaction of the public to name and likeness, which may be fortuitous or which may be managed or planned, endows the name and likeness of the person involved with commercially exploitable opportunities.' [citations omitted.] The other is the appropriation of the name and likeness that brings injury to the feelings, that concerns one's own peace of mind, and that is mental and subjective. [citations omitted.]

*Dora,* 15 Cal.App.4th at 541–42, 18 Cal. Rptr.2d 790. Thus, Plaintiff's fourth and fifth causes of action are brought under a single tort which affords two separate types of relief.[4] Plaintiff's fourth cause of action affords relief in the form of economic damages, while the fifth affords relief in the form of emotive damages. Plaintiff asks for both types of damages under both causes of action.

---

4. *See also Eastwood v. Superior Court,* 149 Cal. App.3d 409, 416, 198 Cal.Rptr. 342 (1983) (cause of action for common law commercial appropriation of right of publicity rested on appropriation branch of law of privacy).

**1080**

Defendant seeks to strike the fifth cause of action as being redundant. Although Rule 12(f) provides that a court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter," such a motion may be denied "if the redundancy consists only of alleging specifically that which has been alleged generally in other paragraphs, or if there is any doubt whether pleaded material is redundant and some party may be prejudiced by striking it." *Wright & Miller* at 706.

Although the fifth cause of action makes allegations which are redundant with allegations made in the fourth cause of action, such a redundancy does not act to prejudice Defendant in any way. Furthermore, the fifth cause of action is not redundant to the extent that it requests punitive damages. Therefore, rather than striking the fifth cause of action, the Court will simply deem that the fourth and fifth causes of action state a single cause of action for common law misappropriation.

Therefore, the Court hereby ORDERS that Defendant's motion to strike is DENIED, and that Plaintiff's fourth and fifth causes of action are consolidated into a single cause of action for common law misappropriation.

**SO ORDERED.**