**John TRUE, etc., Plaintiff,**

v.

**AMERICAN HONDA MOTOR CO., INC., Defendant.**

No. EDCV 07–287–VAP (OPx).

United States District Court, C.D. California.

June 22, 2007.

Denise Davis Schwartzman, Michael D. Gottsch, Nicholas E. Chimicles, Chimicles & Tikellis, Haverford, PA, Jon A. Tostrud, Cuneo Gilbert and Laduca, Maxwell M. Blecher, Blecher & Collins, Los Angeles, CA, Jonathan W. Cuneo, Matthew Wiener, William H. Anderson, Cuneo Gilbert and Laduca LLP, Washington, DC, for Plaintiff.

Jon P. Kardassakis, Lewis Brisbois Bisgaard and Smith, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

VIRGINIA A. PHILLIPS, District Judge.

Defendant's Motion to Dismiss came before the Court for hearing on June 18,

2007. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court DENIES Defendant's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

On March 9, 2007, Plaintiff John True ("Plaintiff"), on behalf of himself and all others similarly situated, filed a Class Action Complaint ("Compl.") against Defendant American Honda Motor Co., Inc. ("Defendant"), asserting four state law claims: (1) violation of California Business & Professions Code ("B & P") § 17200 ("Unfair Competition Law" or "UCL"); (2) violation of B & P § 17500 ("False Advertising Law" or "FAL"); (3) unjust enrichment as a result of violation of B & P §§ 17200 and 17500; and (4) violation of California Civil Code § 1750 ("California Legal Remedies Act" or "CLRA"). (Compl. at 15–18.) Plaintiff asserts injuries based on allegedly false and deceptive advertisements by Defendant regarding the fuel efficiency and cost savings of its Honda Civic Hybrid automobile. (*Id.* ¶¶ 2, 4–5.)

On April 20, 2007, Defendant filed this Motion to Dismiss ("Mot."). Defendants contend that (1) Plaintiff's claims are preempted by the federal Energy Policy and Conservation Act of 1975 ("EPCA"); (2) Plaintiff's state law claims are deficient in light of California Proposition 64 and Civil Code § 1780; (3) the Complaint fails to plead fraud with sufficient particularity under Rule 9(b); and (4) Rule 12(e) requires a more definite statement of Plaintiff's claims. On June 4, 2007, Plaintiffs filed an Opposition ("Opp'n"). On June 11, 2007, Defendants filed a Reply.

### B. Plaintiff's Allegations

Plaintiff brings this action on behalf of himself and a putative class of "all persons who purchased or leased a new Honda Civic Hybrid ("HCH") from Defendant in the United States between March 1, 2003[and] March 1, 2007 ("Class Period")." (Compl.¶ 1.) During the Class Period, Defendant advertised the HCH with allegedly false statements of its fuel efficiency and the prospective cost savings to the consumer. (*Id.* ¶ 4.) The actual fuel efficiency of the HCH is and was up to 53 percent below the mileage per gallon ("MPG") and cost savings that Defendant advertised. (*Id.*) For example, Plaintiff has averaged 32 MPG in mixed highway and city driving in his HCH over six months, compared to the 49–50 MPG advertised by Defendant. (*Id.* ¶ 9.) Further, an October 2005 *Consumer Reports* magazine article reported that the publication's own road-test of the HCH yielded only 26 MPG in the city. (*Id.* ¶ 21.)

Defendant communicated these allegedly misleading or deceptive statements to every consumer who purchased an HCH during the Class Period, and the advertisements were a substantial factor, if not the controlling factor, in inducing Plaintiff and the putative class members to purchase the HCH. (*Id.* ¶ 5.) Federal law requires that each new HCH display a so-called "Monroney Sticker" at its point-of-sale, reciting fuel estimates based on methods mandated by the Environmental Protection Agency ("EPA"). (*Id.* ¶ 17.) While federal law requires that the Monroney Stickers disclaim these estimates with the words, "[a]ctual mileage *will vary*," Defendant's print and Internet advertising materials either (1) weakened the disclaimer to read, "[a]ctual mileage *may vary*," or (2) omitted the disclaimer entirely. (*Id.* ¶ 19–20.)

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6)

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Kwai Fun Wong v. United States*, 373 F.3d 952, 956–57 (9th Cir.2004).

The Court must view all allegations in the complaint in the light most favorable to the non-moving party and must accept all material allegations—as well as any reasonable inferences to be drawn from them—as true. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir.2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir.2005).

The scope of review under Rule 12(b)(6) is generally limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994). Nevertheless, "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994), *overruled on other grounds by Galbraith v. Santa Clara*, 307 F.3d 1119, 1125–27 (9th Cir. 2002). The Court may also consider exhibits submitted with the complaint, *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1989), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) (quotation marks omitted).

### B. Motion to Dismiss Under Rule 9(b)

█ Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Fraud allegations must "be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotations omitted).

█ To meet this standard, the pleading must provide "the who, what, when, where, and how of the misconduct charged." *Id.* (citations and quotations omitted). A plaintiff must set forth "what is false or misleading about a statement and why it is false." *Id.* at 1106 (citations and quotations omitted). The court may dismiss a claim that fails to comply with Rule 9(b). *Id.*, at 1107–08. Dismissal for failure to comply with Rule 9(b) should ordinarily be without prejudice. *Id.* at 1108.

### C. Motion for a More Definite Statement Under Rule 12(e)

█ Pursuant to Rule 12(e), a party may move for a more definite statement where the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" *See* Fed.R.Civ.P. 12(e). "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D.Cal.1994) (citing *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981)). "Parties are expected to use discovery, not the pleadings, to learn the specifics of the

claims being asserted." *Id.; see also Famolare,* 525 F.Supp. at 949 ("[W]here the information sought by the moving party is available and/or properly sought through discovery the motion should be denied.").

■ "A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Sagan,* 874 F.Supp. at 1077 (citing *Van Dyke Ford, Inc. v. Ford,* 399 F.Supp. 277, 284 (E.D.Wis.1975)). "Such a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *Id.* (citing *Boxall,* 464 F.Supp. at 1113–14).

## III. DISCUSSION

### A. Preemption

■ Defendant moves for dismissal of the entire action. It argues that all of Plaintiff's state law claims are preempted by federal law, specifically the Energy Policy and Conservation Act ("EPCA"), 49 U.S.C. § 32901 *et seq.* (Mot. at 3–8.) Defendant relies on a theory of implied conflict preemption, under which state law is "nullified to the extent it actually conflicts with federal law." *Hillsborough v. Automated Med. Labs.,* 471 U.S. 707, 712, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985). Plaintiff opposes, pointing out that a presumption against preemption exists in areas traditionally regulated by the states. (Opp'n at 7.) According to Plaintiff, Defendant has failed utterly to support its contention that enforcement of California's false advertising and unfair competition laws would conflict with federal enforcement of the EPCA. (*Id.*)

■ In accordance with the Supremacy Clause, state law is preempted when it conflicts with federal law. *See Geier v. Am. Honda Motor Co.,* 529 U.S.

861, 873, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000). Preemption "can occur in one of three ways: express pre-emption by statute, occupation of the field, or conflict between state and federal regulation." *Air Conditioning and Refrigeration Inst. v. Energy Resources Conservation and Dev.,* 410 F.3d 492, 496 (9th Cir.2005) (citing *English v. Gen. Elec. Co.,* 496 U.S. 72, 78–79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990)). Conflict preemption of a state law occurs when "compliance with both state and federal law is impossible, or when the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress.'" *U.S. v. Locke,* 529 U.S. 89, 109, 120 S.Ct. 1135, 146 L.Ed.2d 69 (2000) (quoting *California v. ARC America Corp.,* 490 U.S. 93, 100–101, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989)). The Supreme Court has noted that "Congressional purpose is the 'ultimate touchstone' of our inquiry" on conflict preemption. *Lorillard Tobacco Co. v. Reilly,* 533 U.S. 525, 541, 121 S.Ct. 2404, 150 L.Ed.2d 532 (2001) (quoting *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992)).

■ There always exists an "'assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" *Watters v. Wachovia Bank, N.A.,* —— U.S. ——, ——, 127 S.Ct. 1559, 1578, 167 L.Ed.2d 389 (2007) (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). The Supreme Court in *Lorillard* recognized the field of advertising as one falling under traditional state regulation. Further, states traditionally have regulated unfair business practices. Thus, the Court's inquiry begins with a presumption against preemption.

■ Section 32908(b) of Title 49, U.S.C., requires automobile manufacturers to display Monroney Stickers, containing certain information, on each vehicle. Further, dealers are required to make available for prospective buyers a booklet containing information on a vehicle's fuel economy. 49 U.S.C. § 32908(c). EPA regulations require that the Monroney Stickers contain the phrase "your actual mileage will vary depending on how you drive and maintain your vehicle." 40 C.F.R. § 600.307–08(4). Nothing in the EPCA or its accompanying regulations purports to regulate advertising of fuel economy beyond the requirements regarding these stickers and booklets. Congress enacted the EPCA in 1975 to address the country's "chronic energy supply shortages, particularly petroleum supply shortages, experienced ... in the early 1970's." H.R. REP. No. 106–359, at 2 (1999). The EPCA was created in part to "provide for improved energy efficiency of motor vehicles" and to "provide a means for verification of energy data to assure the reliability of energy data." 42 U.S.C. § 6201.

Requiring the display of fuel efficiency information could further this Congressional purpose, i.e., it could help consumers make wiser choices in selecting a vehicle that uses less petroleum. But 15 U.S.C. § 1901 regulates in this field only to the extent of requiring display of a vehicle's fuel efficiency on a label affixed upon a vehicle and provision of an information booklet with comparative fuel efficiency ratings. Thus, a reasonable inference exists that Congress intended to preempt State regulation in these two areas, i.e., the labeling of vehicles and the mandated provision of an information booklet. It would be an unreasonable assumption, however, that Congress intended to preempt states from regulating false or misleading advertising of a vehicle's fuel efficiency and cost savings.

Defendant characterizes Plaintiff's complaint as a challenge to EPA testing guidelines, but the Plaintiff's complaint does not challenge the EPA figures or the manner in which those figures are calculated. (Compl.¶ 2.) Instead, Plaintiff's complaint challenges the manner in which Defendant advertised the Honda Civic Hybrid in mediums other than the Monroney Sticker and information booklet. (*Id.*) As no clear and manifest Congressional intent to regulate advertising exists, the Court must adhere to the presumption that Congress intended to leave the regulation of false advertising, and unfair business practices of auto manufacturers, to the state. In fact, allowing the States to regulate false advertising and unfair business practices perhaps may further the goals of the EPCA.

Accordingly, California's regulation of false advertising does not stand as an "obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *U.S. v. Locke,* 529 U.S. 89, 109, 120 S.Ct. 1135, 146 L.Ed.2d 69 (2000) (quoting *California v. ARC America Corp.,* 490 U.S. 93, 100–101, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989)). Plaintiff's claims are not preempted.

**B. Failure to State a Claim Under State Law**

According to Defendant, Plaintiff's claims must fail because he failed to allege that he actually read and relied on any misleading advertisements; unless he in fact so read and relied, he did not suffer injury "as a result of" Defendant's conduct, as required by Business & Professions Code §§ 17204 and 17535, and California Civil Code § 1780. (Mot. at 9–13.) In response, Plaintiff argues that current California law contains no such reliance requirement. (Opp'n at 10.)

In its Motion, Defendant cites not a single case in support of its contention that Plaintiff must plead and prove actual reliance to succeed on his claims. In a footnote, Defendant directs the Court to the California Court of Appeal's decision in *Pfizer Inc. v. Superior Court*, previously published at 45 Cal.Rptr.3d 840 (Ct.App.2d Dist.2006), *rev. granted*, 51 Cal.Rptr.3d 707, 146 P.3d 1250 (Cal. Nov. 1, 2006). That decision, however, no longer is valid authority, because as Defendant acknowledges, the California Supreme Court vacated the lower court's ruling when it granted review. *See* Cal. Rules of Ct., Rules 976(d), 977(a).

Nevertheless, most courts that have confronted this issue since the passage of Proposition 64 have concluded that B & P §§ 17204 and 17535 impose a requirement that a UCL/FAL plaintiff actually was exposed to and relied on the misleading advertisements. *See Laster v. T–Mobile USA, Inc.*, 407 F.Supp.2d 1181, 1194 (S.D.Cal.2005); *Cattie v. Wal–Mart Stores, Inc.*, 504 F.Supp.2d 939, 948 (S.D.Cal. 2007); *Pfizer*, 45 Cal.Rptr.3d 840, 852–53. *But see Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1137 (C.D.Cal.2005).[1] The Court finds the majority view more persuasive, particularly in light of a California Court of Appeal's recent citation to *Laster* with approval. *See McAdams v. Monier, Inc.*, 151 Cal.App.4th 667, ——, 60 Cal. Rptr.3d 111, 120–21, 2007 WL 1545072, at *9 (Cal.App.3d Dist.2007). In any event, however, the Court need not resolve this split of authority, for the reasons discussed below.

■■■■■■ With respect to Plaintiff's CLRA claim for false advertising, California law clearly holds that causation, in the form of reliance, likewise is an essential element of such claims. *See Caro v. Procter & Gamble Co.*, 18 Cal.App.4th 644, 668, 22 Cal.Rptr.2d 419 (1993); *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal.App.4th 746, 754, 15 Cal.Rptr.3d 271 (2003); *accord Cattie*, 504 F.Supp.2d at 946–47, 2007 WL 935582, at *6; *Anunziato*, 402 F.Supp.2d at 1137. A plaintiff is entitled to a presumption of reliance, however, when the alleged misrepresentation is "material." *See Vasquez v. Superior Court*, 4 Cal.3d 800, 814, 94 Cal.Rptr. 796, 484 P.2d 964 (1971) ("[I]f the trial court finds material misrepresentations were made to the class members, at least an inference of reliance would arise as to the entire class."). "A misrepresentation of fact is material if it induced the plaintiff to alter his position to his detriment. Stated in terms of reliance, materiality means that without the misrepresentation, the plaintiff would not have acted as he did." *Caro*, 18 Cal.App.4th at 668, 22 Cal.Rptr.2d 419; *Faigman v. Cingular Wireless, LLC*, 2007 WL 708554, at *5 (N.D.Cal. Mar.2, 2007).

■■■■■ Although neither party cites to it, the California Court of Appeal's recent decision in *McAdams* further held that UCL/FAL plaintiffs may avail themselves of the inferred reliance principle where the misrepresentation is "material." *McAdams*, 151 Cal.App.4th at ——, 60 Cal. Rptr.3d at 122–23, 2007 WL 1545072, at *11 ("[I]f the principle of inferred reliance is sufficient to satisfy the element of reliance/causation as to a CLRA fraud-based class action, in which damages can be awarded, it certainly is sufficient to satisfy that element for a similar UCL class action where the remedies are essentially limited to injunctive and restitutionary relief."). Thus, under the CLRA, as well as

---

1. Plaintiff incorrectly asserts that *Anunziato* is of more "precedential value" to the Court than *Pfizer*. (Opp'n at 10.) To the contrary, the Court is not bound to follow either of these decisions, and is free to adopt the reasoning of either (or neither) to the extent that the Court finds it persuasive.

the UCL and FAL, a plaintiff satisfies the reliance element with an allegation that a false or deceptive advertisement "induced the plaintiff to alter his position to his detriment." *Caro,* 18 Cal.App.4th at 668, 22 Cal.Rptr.2d 419.

■ Here, Plaintiff alleges that Defendant "communicated" misleading or deceptive advertisements "to every consumer who purchased an HCH during the Class Period, and theads were a substantial factor, if not the controlling factor, in inducing Plaintiff and the putative class members to purchase the HCH." (Compl.¶ 5.) Assuming that the allegations of Plaintiff's Complaint are true for the purposes of this Motion, and drawing all reasonable inferences therefrom, *Doe,* 419 F.3d at 1062, Plaintiff's state law claims are alleged adequately under Rule 12(b)(6), regardless of whether reliance is a required element of his UCL and FAL claims. *McAdams,* 151 Cal.App.4th at ——, 60 Cal.Rptr.3d at 122–23, 2007 WL 1545072, at *11. The Court thus denies Defendant's Rule 12(b)(6) motion.

## C. Rule 9(b)

Defendant argues that the Complaint must meet the heightened pleading requirements of Rule 9(b) because Plaintiff's claims "are exclusively grounded in fraud." (Mot. at 15.) Although the Complaint alleges the "who," according to Defendant, it fails to allege the "what, when, where, and how," and therefore must be dismissed. (*Id.* (quoting *Vess,* 317 F.3d at 1106).) Plaintiff responds that even if his claims are grounded in fraud, he "has more than adequately satisfied the standard of Rule 9(b)." (Opp'n at 15.)

■ Here, Plaintiff's allegations are sufficient to give Defendant fair notice of the particular misconduct that forms the basis of his claims. *Vess,* 317 F.3d at 1106. Plaintiff alleges that between March 1, 2003, and March 1, 2007 (when), Defendant

advertised the HCH in print and on the Internet (how) to consumers (who) throughout the United States (where) with statements of its fuel efficiency and the prospective cost savings to the consumer that were up to 53 percent below actual figures, while omitting or softening the "[a]ctual mileage will vary" disclaimer (what). (Compl.¶¶ 1, 4, 19–20.)

Although Plaintiff's Complaint alleges only in general terms that the advertisements induced Plaintiff to purchase the HCH, Plaintiff's knowledge and state of mind are not subject to Rule 9(b). *See* Fed.R.Civ.P. 9(b) ("Malice, intent, *knowledge, and other condition of mind of a person* may be averred generally.") (emphasis added). Thus, Defendant's argument that Plaintiff must demonstrate which particular advertisements induced him to purchase the HCH is premature at the pleading stage. Defendant's motion under Rule 9(b) is denied.

## D. Rule 12(e)

Plaintiff's Complaint is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" *See* Fed.R.Civ.P. 12(e); *see also Sagan,* 874 F.Supp. at 1077 ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted."). As discussed above, the Complaint gives fair notice of the basis for Plaintiff's state law claims. Accordingly, the Court denies Defendant's motion under Rule 12(e) for a more definite statement.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss.