Filed 10/5/20  Kravchuk v. City and County of San Francisco CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANDRIY KRAVCHUK et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO et al., <br><br> Defendants and Respondents. | A157893 <br><br> (San Francisco City & County Super. Ct. No. CGC-17-560850) |

Plaintiffs Andriy Kravchuk and Artem Koshkalda appeal from the judgment entered after the trial court granted defendants' motion for summary judgment.  Plaintiffs contend the trial court erred in determining that they failed to demonstrate the existence of a triable issue of material fact in their cause of action for slander.  We affirm.

## I.  BACKGROUND

Plaintiffs are real estate investors in the City and County of San Francisco (City).  In their second amended complaint, plaintiffs alleged that Omar Masry, a senior analyst in the Office of Short-Term Rentals for the City and County of San Francisco, began to investigate them for alleged violations of San Francisco's short-term rental regulations with respect to several

properties owned by plaintiffs.[1]  On or around March 16, 2017, Masry allegedly told Dawn Durbin, an escrow officer, that plaintiffs were "involved in money laundering, and words to that effect."  Plaintiffs alleged the conversation occurred after Masry's investigation had concluded and that Kravchuk was in contract to sell his property located at 72 Townsend Street at the time.  Plaintiffs asserted the "words were slanderous per se because they imputed [*sic*] Plaintiffs' professional reputation, and accused Plaintiffs of engaging in and being involved with criminal activities."  They further alleged the words were false and were not within the scope of any official duties related to allegations of short-term rental law violations.

Defendants filed a motion for summary judgment.  Defendants argued the alleged defamatory statement was privileged under Civil Code section 47 and Government Code section 821.6, and that it was not a provable false factual assertion.  Defendants further argued the statement was too vague to be proven false because it did not refer to plaintiffs or their connection with any criminal activity and the totality of the circumstances surrounding the statement showed it was Masry's opinion, not an actionable defamatory statement.

In support of their motion for summary judgment, defendants presented evidence that Masry began receiving complaints about properties located at 72 Townsend Street and 450 Hayes Street in San Francisco in

---

[1] San Francisco Administrative Code section 41A (Airbnb Law) is designed to combat the shortage of affordable rental housing in the City. (S.F. Admin. Code, § 41A.2., 41A.3.)  The Airbnb Law imposes regulations on short-term rental properties requiring them, among other things, to register with the Office of Short-Term Rentals.  (S.F. Admin. Code, § 41A.5, subd. (g)(1)(E).)  The Office of Short-Term Rentals has the discretion to investigate, identify, and adjudicate violations of the Airbnb Law.  (S.F. Admin. Code, §§ 41A.6, subd. (a), (c), 41A.7.)

2

January 2017.  Masry began an investigation for possible violations of the Airbnb Law.  During the course of his investigation, Masry became aware plaintiffs were named defendants in a federal lawsuit in Nevada alleging they were counterfeiting Epson Corporation ink cartridges.  On February 3, 2017, Masry sent Kravchuk a " 'Determination of Administrative Penalties' " for 72 Townsend Street in the amount of $14,520.

Defendants also presented evidence in the form of declarations from Masry and Durbin (the escrow officer) that Masry spoke with Durbin during the course of his investigation.  Durbin called Masry because he was the City's point of contact listed on notices of violation.  Durbin did not know Masry prior to contacting him.  They discussed, among other things, whether or not liens levied against plaintiffs had been paid.  During the course of their conversation, Durbin recalled Masry making a comment about something " 'starting with an M and ending with an L.' "  Durbin recalled Masry did not make any further comments regarding that statement, never referred to plaintiffs by name, and never directly used the term "money laundering."  Durbin did not interpret Masry's statement as alleging that plaintiffs were involved in money laundering.

In response to a request for production of documents, plaintiffs produced an e-mail sent by Durbin on March 16, 2017 to a Vladimir Slobodianiuk, with a "cc" to plaintiff Koshkalda.  The e-mail explains homeowners associations for 72 Townsend Street and 450 Hayes Street had contacted Durbin and told her she needed to contact Omar Masry about liens on both properties.  Durbin wrote she contacted Masry, who told her there were illegal short-term rentals on both properties and that notices were sent but ignored.  Durbin then wrote that Masry "also mentioned a possibility of involvement of something 'starting with an M and ending with an L.' "

3

Plaintiffs filed their opposition to the motion for summary judgment. In their separate statement of disputed facts, plaintiffs disputed, among other facts, the "context how and why and in which sentence and with what meaning Mr. Masry mentioned something 'starting with an M and ending with an L' referring to Plaintiffs," but they did not cite to any evidence. Plaintiffs did not dispute that Durbin wrote in her e-mail that Masry "mentioned a possibility of involvement of something 'starting with an M and ending with an L.'"

One week *after* they filed their opposition to the summary judgment motion, plaintiffs took Masry's deposition.

When defendants filed their reply brief on the summary judgment motion, defendants did not specifically discuss Masry's deposition, but they included one sentence in their memorandum of points and authorities stating: "In addition, after the filing of plaintiffs' opposition to this motion for summary judgment, discovery revealed that there may be a disputed fact regarding whether the alleged statement is a provable false statement. (*See* Defendants' Motion for Summary Judgment, Section III.)" Defendants did not discuss or cite to any specific evidence, and they argued the court should not consider new evidence because it was late and plaintiffs had no good cause for adding it to the record.

The trial court issued a tentative ruling granting the summary judgment motion. At the hearing, plaintiffs for the first time asked the court if they could present "crucial" facts that "were never mentioned" because "of the gamesmanship of the defendants and defense counsel." Plaintiffs told the court they had additional evidence from Masry's deposition, which was taken after the opposition to the summary judgment motion was due. The court clarified that plaintiffs were seeking to present new evidence, despite the fact

that they failed to seek a continuance of the hearing on the summary judgment motion. The court then ruled: "I'm not going to allow you to address anything that's not in the papers here. You had a full opportunity to present evidence in opposition to the motion. My tentative addresses that evidence to the extent it's admissible at all, and you haven't asked that the Court continue the hearing to allow you to obtain additional evidence which was something that you could have done when you filed your opposition."

After further colloquy with plaintiffs about whether they would be allowed to present new evidence and after allowing defendants' counsel to respond, the trial court adopted its tentative ruling and granted the motion for summary judgment. In the order granting the motion, the trial court observed that the only admissible evidence of the alleged defamatory statement was that in a conversation with Durbin, Masry " 'mentioned a possibility of involvement of something "starting with an M and ending with an L." ' " That statement was ambiguous, and too vague to be actionable. The court further noted there was no evidence Durbin understood the statement to mean money laundering, nor to allege that plaintiffs were involved in that crime. Finally, the trial court concluded that "even if the statement was reasonably susceptible of the defamatory meaning that Plaintiffs draw from it," the use of the word " 'possibly' "[2] suggested the statement was an expression of opinion, not a statement fact that could support a defamation action.

The trial court subsequently denied plaintiffs' motions for reconsideration and a new trial.

---

[2] In her e-mail, Durbin stated that Masry "mentioned a *possibility* of involvement of something 'starting with an M and ending with an L.' " (Italics added.) Because the word "possibly" is not used in any of Durbin's other statements, we assume this is what the trial court was referencing.

## II. DISCUSSION

### A. *Standard of Review*

A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "The moving party bears the burden of showing the court that the plaintiff 'has not established, and cannot reasonably expect to establish, a prima facie case . . . .'" (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) Once the moving party has met that burden, the burden shifts to the opposing party to show that a triable issue exists. (Code Civ. Proc., § 437c, subd. (p)(2).)

We review an order granting summary judgment de novo. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.) "We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Ibid.*; *Brown v. Goldstein* (2019) 34 Cal.App.5th 418, 432.)

### B. *Analysis*

Under Civil Code section 46, "Slander is a false and unprivileged publication, orally uttered, . . . which: [¶] 1. Charges any person with crime . . . ." For a statement to be slanderous, a plaintiff must provide evidence of a statement of fact that is provably false. (*Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 809.) "Statements do not imply a provably false factual assertion and thus cannot form the basis of a defamation action if they cannot ' "reasonably [be] interpreted as stating actual facts" about an individual.' " (*Ferlauto v. Hamsher* (1999) 74 Cal.App.4th 1394, 1401.) In considering whether a statement is susceptible to a slanderous interpretation, courts look to the "totality of the circumstances" and consider

6

"the meaning of the language in context and its susceptibility of being proved true or false." (*Moyer v. Amador Valley J. Union High School Dist.* (1990) 225 Cal.App.3d 720, 724–725.) Whether or not an alleged slanderous statement is subject to a defamatory meaning is a question of law for the court. (*Gregory v. McDonnell Douglas Corp.* (1976) 17 Cal.3d 596, 601.)

Based on all of the evidence presented in the moving and opposing papers on defendants' motion for summary judgment, the trial court correctly determined the alleged defamatory statement was too vague and ambiguous to be actionable. (See *ZL Technologies, Inc. v. Does 1–7* (2017) 13 Cal.App.5th 603, 624 ["overly vague statements" and " ' "generalized" comments' " lacking specificity as to time or place of alleged conduct may not support defamation claim]; *McGarry v. University of San Diego* (2007) 154 Cal.App.4th 97, 116–117 ["amorphous assertion of immoral behavior" was not actionable].) The only admissible evidence before the trial court as to what Masry said in his telephone conversation with Durbin was that he "mentioned a possibility of involvement of" or "made a comment about something 'starting with an M and ending with an L.' " As the trial court noted, the term "money laundering" does not end with an "L." Moreover, Durbin did not state that Masry provided any further details that would connect plaintiffs with the crime of money laundering or that Masry himself was accusing plaintiffs of money laundering. Indeed, Durbin affirmatively stated that Masry "never used the term 'money laundering' " during their conversation, that he never specifically referred to plaintiffs by name or referred to them as being involved in money laundering, that he did not explain what he meant by his statement and she did not ask, and that she "never interpreted [Masry's] statement as alleging [plaintiffs] being involved in money laundering." Durbin's description of her phone conversation with Masry in her declaration

7

is also supported by the written statement in Durbin's e-mail to Slobodianiuk in which she wrote only that Masry had "mentioned a possibility of involvement of something 'starting with an M and ending with an L.' "

On appeal, plaintiffs attempt to rely on Masry's deposition testimony to argue that he specifically accused plaintiffs of "money laundering." But Masry's deposition was not taken until after plaintiffs filed their opposition to the summary judgment motion, and that evidence was not before the trial court. Therefore, we may not consider it. (*Havstad v. Fidelity National Title Ins. Co.* (1997) 58 Cal.App.4th 654, 661.) Although plaintiffs tried to discuss Masry's deposition at the hearing on the motion for summary judgment, they did not seek a continuance to obtain relevant discovery when they filed their opposition to the summary judgment motion, nor did they file any affidavits or declarations with the trial court at any time to state the evidence might exist which could not then be presented. (Code Civ. Proc., § 437c, subd. (h).) Accordingly, the trial court did not abuse its discretion in deciding the motion based on the evidence before it and without considering Masry's testimony. (*Ponte v. County of Calaveras* (2017) 14 Cal.App.5th 551, 555–556 [trial court did not err in failing to grant continuance of summary judgment motion where counsel filed no affidavit showing good cause]; *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 251, 254 [trial court did not abuse discretion in denying continuance where declarations failed to make a good faith showing what essential facts might exist to oppose summary judgment].)

Plaintiffs nonetheless argue that the trial court should have denied defendants' motion for summary judgment because defendants "admitted" in their reply brief on the motion that a triable issue of material fact existed. Plaintiffs contend the statement was a statement against interest under

Evidence Code section 1220 and was therefore admissible. For several reasons, we reject the argument.

First, defendants' reply brief on the motion did not admit a triable issue of fact existed but stated "discovery revealed that there *may* be a disputed fact regarding whether the alleged statement is a provable false statement." (Italics added.) That vague and equivocal legal conclusion, unaccompanied by any discussion of or citation to the evidence revealed in discovery, does not demonstrate the existence of a disputed issue of material fact. Nor are statements of attorneys in briefs evidence that the court can consider in ruling on a motion for summary judgment. (See, e.g., *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590 [matters set forth in points and authorities are not evidence]; *Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1173 ["Argument of counsel is not evidence."].) Moreover, plaintiffs failed to raise the issue in the trial court, and thus have forfeited it on appeal. (See *People v. Dalton* (2019) 7 Cal.5th 166, 212 [failure to raise argument below that district attorney's statements were admissible under Evid. Code, § 1220 forfeited issue on appeal].)

Finally, the sentence in defendants' reply brief on the motion suggested there may be a triable issue of fact "whether the alleged statement is a provable false statement." But to constitute defamation a statement must also be published. To satisfy the publication requirement, a plaintiff must show the statement was communicated "to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." (*Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 645; *Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1242.) As the trial court concluded, plaintiffs did not "provide any evidence of extrinsic circumstances which show that [Durbin] understood [the alleged

9

statement] in that derogatory sense" and it was undisputed that Durbin "did not understand the statement as alleging that Plaintiffs were involved in that crime [(money laundering)]." Nor do plaintiffs refer to any such evidence in their briefing on appeal. Where defendants have met their burden by showing plaintiffs cannot establish an element of their cause of action, the burden shifts to plaintiffs to demonstrate the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p).) Because plaintiffs failed to meet that burden in this case, the trial court did not err in granting summary judgment.

Because we conclude the trial court properly granted summary judgment based on the absence of evidence of a provable false statement of fact and the lack of publication, we need not reach defendants' arguments the statements were also privileged under Civil Code section 47 and Government Code section 821.6.

## III.  DISPOSITION

The judgment is affirmed. Defendants are to recover their costs on appeal.

MARGULIES, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A157893
*Kravchuk v. City and County of San Francisco*